IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FREDERICK SCOT HUFFMAN                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:18-cv-00674-DPJ-FKB

DRAYER PHYSICAL THERAPY
INSTITUTE, LLC                                            DEFENDANT

**MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

COMES NOW Frederick Scot Huffman, through counsel, and files this Motion for

Temporary Restraining Order and Preliminary Injunction against Drayer Physical Therapy

Institute, LLC:

1.      This Court should enjoin Defendant from enforcing unreasonable restrictive

covenants contained in an Employment Agreement between Plaintiff and Defendant.

2.      Plaintiff has a substantial likelihood of success on the merits of his declaratory

judgment claim.  First of all, Defendant materially breached the Employment Agreement by

terminating the Employment Agreement without cause within the first two years, thus rendering

the contractual obligations unenforceable as to Plaintiff under Pennsylvania law.

3.      Second, the noncompete/non-solicitation clauses are clearly unenforceable under

applicable Pennsylvania law.[1] These restrictive covenants are not reasonably necessary for

Defendant's protection, as the restrictive covenants do not safeguard any legitimate, protectable

business interest of Defendant.

4.      Most notably, the restrictive covenants prohibit Plaintiff from servicing clients with

whom Plaintiff has a preexisting relationship before working for Defendant.  Defendant has no

---

[1] The Contract contains a choice-of-law clause, which provides that Pennsylvania substantive law applies to the instant dispute.

legitimate protectible interest in restricting Plaintiff from doing business with such clients.  The restrictions imposed are also not reasonably limited in duration and geographic extent.

5.      Furthermore, if injunctive relief is not issued, Plaintiff will suffer immediate and irreparable harm.  In light of such immediate and irreparable harm, Defendant lacks the requisite evidence of any harm it would suffer from a TRO or preliminary injunction.  The restrictive covenants do not safeguard any legitimate, protectible interest of Defendant, as explained above. Finally, the public interest is best served by the issuance of injunctive relief.

6.      Plaintiff incorporates by reference the authority and arguments set forth in his Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction and the Verified Complaint and Petition for Temporary Restraining Order and Preliminary Injunction [Doc. #1].

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant Plaintiff a Temporary Restraining Order and Preliminary Injunction as follows:

1.  Prohibiting Drayer from enforcement of the restrictive covenants, including all covenants not to compete and covenants not to solicit contained in the Employment Agreement between Drayer and Frederick Scot Huffman.

2.  Prohibiting Drayer from disparaging Frederick Scot Huffman.

Plaintiff further seeks a declaratory judgment declaring that: (a) The Employment Agreement between Drayer and Frederick Scot Huffman is unenforceable by Drayer due to Drayer's breach of the Employment Agreement and (b) the covenants not to compete and non solicitation covenants contained in the Employment Agreement between Drayer and Frederick Scot Huffman are unenforceable as a matter of law.

Plaintiff also seeks an award of all damages incurred Frederick Scot Huffman as a result of Drayer's acts and breach of the Employment Agreement together with punitive damages all in excess of the minimal jurisdictional limits of this Court.  Plaintiff further prays for an award of

attorneys' fees, litigation expenses and costs sustained as a result of bringing this action together with prejudgment and postjudgment interest.  Plaintiff further prays for all other relief appropriate in this case.

This the 4th day of October 2018.

Respectfully submitted

FREDERICK SCOT HUFFMAN


By: /s/ Michael A. Heilman
Michael A. Heilman
*Attorney for Plaintiff*

OF COUNSEL:
Michael A. Heilman (MSB No. 2223)
E. Taylor Polk (MSB No. 103563)
Daniel J. Hammett (MSB No. 105500)
HEILMAN LAW GROUP, P.A.
Meadowbrook Office Park
4266 I-55 North, Suite 106
Jackson, Mississippi  39211
Telephone:      (601) 914-1025
Facsimile:      (601) 960-4200
mheilman@heilmanlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing document to be electronically

filed with the Clerk of the Court using the ECF system, which sent notification to all counsel of

record, with the exception of the following, which was served via hand delivery:

Drayer Physical Therapy Institute, LLC
℅ Cogency Global, Inc.
248 E Capitol Street, Suite 840
Jackson, MS 39201

This the 4th day of October, 2018.

_/s/ Michael A. Heilman_
Michael A. Heilman